IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00060-WCM

| | |
|---|---|
| TINA PARKHURST, ) | |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| v. ) | |
| ) | |
| COMMISSIONER OF ) | |
| THE SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's social security brief, as well as the Commissioner's contested Motion to Remand. Docs. 7, 12.

I. Procedural Background

On July 31, 2008, Plaintiff Tina Parkhurst ("Plaintiff") applied for social security benefits. See Transcript of the Administrative Record ("AR") 1292, AR 1385-1388.

On July 17, 2009, Plaintiff was found to be disabled beginning on February 18, 2007. AR 2661.

On November 8, 2018, an Administrative Law Judge ("ALJ") found that Plaintiff's disability had ended on June 30, 2016. AR 1271, AR 28.

1

After the Appeals Council denied a request for review by Plaintiff, she initiated a civil action in this district. See Doc. 1286-1287 (Petition filed in Parkhurst v. Saul, No. 5:20-cv-18-FDW (filed February 18, 2020).

On July 15, 2020, the presiding Judge granted an unopposed Motion for Entry of Judgment with Remand by the Commissioner. AR 1288.

On September 18, 2020, the Appeals Council remanded the matter to the same ALJ, with instructions to evaluate further Plaintiff's medical improvement and the opinion of a consultative examiner, A. Caine, M.D. ("Dr. Caine"). Id. at 1292-1294.

On April 19, 2021, the ALJ issued a "partially favorable" decision, finding that Plaintiff's disability had ended on April 1, 2016, and that Plaintiff had become disabled again beginning on September 22, 2019. AR 1194-1224.

Plaintiff then initiated another action in this district. See Parkhurst v. Commissioner of Social Security, No. 5:21-cv-116-DSC. In that case, the presiding Judge granted another Consent Motion to Remand on April 11, 2022. AR 2615.

On April 21, 2022, the Appeals Council remanded the matter to a new ALJ, with instructions that the ALJ evaluate certain opinion evidence under the Administration's prior rules. AR 2621-2622.

On February 13, 2023, the ALJ issued an unfavorable decision. AR 2656-2686. That decision is the Commissioner's final decision for purposes of this action.

On May 11, 2023, Plaintiff initiated this action.

On December 6, 2023, the Commissioner filed the Contested Motion to Remand. Doc. 12. Plaintiff has responded, and the Commissioner has replied. Docs. 13, 15.

## II. The ALJ's Decision

The ALJ determined that though Plaintiff had previously been disabled, medical improvement had occurred by April 1, 2016. AR 2661-2662.

With respect to Plaintiff's condition from April 1, 2016 through September 22, 2019 (the "Relevant Period"), the ALJ found that Plaintiff had the severe impairments of "lumbar stenosis, headaches, herniated nucleus pulpous, left knee replacement, right shoulder rotator cuff tear, obesity, and chronic S1 radiculopathy." AR 2663. After determining that Plaintiff's impairments did not meet or medically equal any listed impairments, the ALJ concluded that, during the Relevant Period, Plaintiff had the residual functional capacity ("RFC"):

> to perform light work… except she required the option to alternate between sitting for one hour with standing for one hour while remaining on task; and she was limited to occasional climbing of ramps and stairs, no climbing of ladders, ropes, or scaffolds, occasional

3

> balancing, stooping, kneeling, and crouching; no crawling; frequent grasping, handling and fingering with the bilateral upper extremities; and should avoid more than occasional exposure to pulmonary irritants and no exposure to hazards.

AR 2665.

Applying this RFC, the ALJ found that Plaintiff could perform other jobs that existed in significant numbers in the national economy such that Plaintiff was not disabled during the Relevant Period. AR 2671-2672.

### III. Plaintiff's Allegation of Error & the Commissioner's Response

Plaintiff contends that the ALJ failed to evaluate the opinion of Plaintiff's pain specialist, Dr. Michelle Brown, adequately. Additionally, Plaintiff asserts that the ALJ failed to include limitations related to Plaintiff's incontinence and migraines in the RFC. Plaintiff argues that an award of benefits would be appropriate, or, alternatively, that this Court should remand for further administrative proceedings. Doc. 7.

In response, the Commissioner asserts that "remand of this matter for further proceedings and re-evaluation of Plaintiff's claim of disability is the proper remedy…." Doc. 12-1 at 6.

### IV. Legal Standard

Pursuant to 42 U.S.C. § 405(g), federal courts have the authority to affirm, modify, or reverse the Commissioner's final decision 'with or without remanding the cause for a rehearing.'" <u>Arakas v. Commissioner, Social</u>

4

Security Administration, 983 F.3d 83, 111 (4th Cir. 2020). Courts "have awarded disability benefits without remand where the record clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose." Id. (collecting cases); see also Shelley C. v. Commissioner of Social Security, 61 F.4th 341, 369 (4th Cir. 2023) ("Because substantial evidence in the record clearly establishes Shelley C.'s disability, remanding for a rehearing would only 'delay justice.'") (quoting Arakas, 983 F.3d at 105); Crider v. Harris, 624 F.2d 15, 17 (4th Cir. 1980) ("On the state of the record, Crider's entitlement to benefits is wholly established. Rather than remand, therefore, we reverse, with directions that benefits be awarded in accordance with this opinion.").

V. Discussion

Plaintiff is correct that this case "has an extraordinary procedural history …." Doc. 7 at 27. However, the question presented is whether the administrative record, as it exists now, clearly establishes that Plaintiff is entitled to benefits for the Relevant Period. Shelley C., 61 F.4th at 369; see also Bilotta v. Saul, 850 Fed. Appx. 162, 171 (4th Cir. 2021) (unpubl.) (awarding social security benefits where Commissioner conceded that, if plaintiff was illiterate and limited to light work, he was disabled and the "record clearly establish[ed] both…."); Carr v. Kijakazi, No. 20-2226, 2022 WL 301540, at *5 (4th Cir. Feb. 1, 2022) (unpubl.) ("We appreciate that this case has dragged on

5

for many years, currently on its third remand to the agency. And we acknowledge Carr's concern that health issues may affect his ability to participate in proceedings going forward. But as the district court explained, these are not grounds for directing an award of benefits in the absence of a finding that a claimant is indeed disabled.").

### A. Dr. Brown's Opinion

Plaintiff contends that the opinion of Dr. Brown is entitled to controlling weight, and that the limitations identified by Dr. Brown require a finding that Plaintiff was disabled. Doc. 7 at 28.

In her June 22, 2018 opinion, Dr. Brown described Plaintiff's pain as being a 7 or 7-9 out of 10 and noted Plaintiff's bowel and bladder dysfunction, limited range of motion, and abnormal gait. Dr. Brown also indicated that Plaintiff could walk or sit for less than 2 hours, stand and walk continuously or sit continuously for less than 30 minutes, and lift a maximum of 10 pounds. AR 1144-1145. Dr. Brown additionally noted that Plaintiff had limitations in her ability to twist, stoop, crouch, and climb, would need to shift between standing and walking, would need to lie down at "unpredictable times" during a workday and take extra breaks, and would be absent from work, on average, more than 3 times per month. AR 1145.

In contrast to Dr. Brown's opinion, during Dr. Caine's March 26, 2016 consultative exam, Plaintiff presented with a normal gait, was able to

6

ambulate into the exam room and sit on the examination table without difficulty, and exhibited 5/5 motor strength in bilateral upper and lower extremities as well as normal muscle bulk and tone. AR 748-752. During that exam, Plaintiff also reported, when discussing her activities of daily living, that she did early morning hygiene, went to work as an administrative assistant, could cook and drive, and was "independent in all of her ADLs." AR 749. Further, Dr. Caine's report reflects that, while Plaintiff's symptoms were "positive" for lumbar back pain and bilateral knee pain, they were "negative" for syncope, lower extremity weakness, and loss of bowel or bladder continence. Id.

A treating physician's opinion should be given controlling weight if it is well-supported by medically acceptable clinical evidence and is not inconsistent with other substantial evidence of record, see 20 C.F.R §§ 404.1527(d)(2); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); 20 C.F.R. §§ 404.1527(c)(2); see also Mastro, 270 F.3d at 178 ("Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence.").

Here, the ALJ assigned "little weight" to Dr. Brown's opinion. AR 2669. In doing so, the ALJ stated that she found the "limited explanation in support of the fairly significant limitations" identified by Dr. Brown to be inadequate, and, further, that Dr. Brown's opinion was "not entirely consistent with [Plaintiff's] work activity or the longitudinal objective and clinical findings of record that include fairly normal gait with fairly normal strength and range of motion throughout as well as adequate pain control with injections." Id. (citing e.g., AR 748-752 (Dr. Caine's March 26, 2016 consultative exam), AR 795 (March 2018 record showing Plaintiff's report of 75% improvement and normal gait), AR 1186 (April 2017 treatment record reflecting Plaintiff's normal muscle tone and strength without atrophy or abnormal movement)).[1]

Significantly, although the ALJ also assigned "little weight" to Dr. Caine's conclusion that Plaintiff could perform "medium" work (i.e., work

---

[1] The ALJ also noted other evidence indicating that Plaintiff received "fairly conservative treatment for her back and knee pain…." AR 2663 (citing, among other records, AR 786 (May 12 2016 treatment record reflecting Plaintiff had 75% improvement in "S1 radiculopathy" following epidural steroid injection), AR 920 (February 16, 2017 treatment record stating that Plaintiff had been receiving epidural steroid injections for a number of years with consistent benefit), AR 935 (May 23, 2018 treatment record noting 5 month interval between injections with "more episodes of numbness in her legs" but also indicating Plaintiff generally received injections every 2 to 3 months), AR 1042 (May 18, 2017 record noting that Plaintiff came in for a repeat epidural steroid injection, and that the injections "enable[d] her to continue to be more active. She is about to start on another job."), AR 1086 (January 22, 2018 record reflecting that the epidural steroid injections were still helping but that Plaintiff did not think the medication was strong enough, and noting that Plaintiff was "attempting to exercise at a local gym and so she is hurting more.")).

involving lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds, 20 C.F.R. § 404.1567(c)), it appears that the ALJ relied on Dr. Caine's examination itself when discounting Dr. Brown's opinion.

Given the differences in Plaintiff's functional limitations as set out by Dr. Brown and Dr. Caine, the undersigned is unable to conclude that Dr. Brown's opinion clearly establishes that Plaintiff is entitled to benefits for the Relevant Period. See e.g., Carr, 2022 WL 301540, at *4-5 (explaining that "[o]nly in the 'unusual case'" – "where it is clear that there is no account on which substantial evidence would support a denial of coverage" – is it proper for a court to "exercise its discretion to direct the award of benefits as a remedy for a failure to explain" and further stating that conflicting evidence, including two experts who reached different conclusions, required remand rather than a direct award of benefits).

### B. Incontinence

Plaintiff also contends that the ALJ failed to include limitations in the RFC related to Plaintiff's incontinence and suggests that this error also makes an award of benefits appropriate. See Doc. 7 at 28.

The ALJ found that Plaintiff's urinary incontinence was not severe, and did not discuss any functional limitations stemming from Plaintiff's incontinency when developing Plaintiff's RFC. AR 2663, AR 2669. In so finding,

9

the ALJ explained that "the urology records indicate that medication and the use of pads has improved her condition such that it would not significantly limit her ability to perform basic work activities." AR 2663 (citing AR 2199 (July 12, 2018 record reflecting urinary incontinence which Plaintiff reported had been occurring "for several months" occasionally at a moderate severity level), AR 2195 (September 17, 2018 record reflecting severity of urinary incontinence was "moderate"), AR 2191 (January 21, 2019 record noting urinary complaints were moderate to severe but improving), AR 2182 (March 11, 2020 record noting improvement with "myrbetriq and drinking less carbonated water")). Plaintiff contends that, factually, most of these same treatment records indicate that Plaintiff's incontinence was not improved during the Relevant Period. Doc. 7 at 15-16. Plaintiff further contends that, legally, the ALJ erred in failing to evaluate the effects of her incontinence when developing Plaintiff's RFC, even if such condition was non-severe. Doc. 7 at 16.

Plaintiff is correct that an "ALJ is required to consider the limiting effects of all of the Plaintiff's impairments, including those that are nonsevere, in assessing the Plaintiff's RFC." Lewis v. Kijakazi, No. 3:21-cv-00057-MR, 2022 WL 4456255, at *4 (citing 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'")).

However, as it is "in the purview of the ALJ to determine whether the combination of severe and nonsevere impairments requires additional limitations to Plaintiff's RFC," the undersigned finds that remand for further administrative proceedings is appropriate. Clarence M. v. Saul, No. SAG-19-2393, 2020 WL 3871142 at *4 (D. Md. July 9, 2020); see also Woody v. Astrue, No. 2:08cv00033, 2009 WL 799657 at *29 (W.D. Va. March 29, 2009) (agreeing with the proposition that it is "unconscionable to repeatedly remand cases where the determination of entitlement to benefits is unclear," but concluding that remand, rather than an award of benefits was proper because the court was "not confident that a finding of disability [was] warranted "without further consideration of [plaintiff's] physical and mental limitations").

## VI. Conclusion

For the reasons stated above, Defendant's Contested Motion to Remand (Doc. 12) is **GRANTED**, the Commissioner's decision (AR 2656-2686) is **VACATED**, and this matter is **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of Court is respectfully directed to enter a separate judgment in accordance with this Order.

Signed: September 5, 2024

W. Carleton Metcalf
United States Magistrate Judge